Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| CONSEJO DE TITULARES CONDOMINIO PARQUE DE LAS FUENTES Y OTROS<br><br>Recurridos<br><br>V.<br><br>**HÉCTOR LÓPEZ QUIÑONES** Y OTROS<br><br>Apelante<br><br>V.<br><br>TRIPLE S PROPIEDAD Y OTROS<br><br>Apelada | KLCE202401076 | *Certiorari* acogido como ***Apelación*** procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV06768<br><br>Sobre: Daños y Perjuicios |
| --- | --- | --- |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 23 de octubre de 2024.

El 4 de octubre de 2024, compareció ante este Tribunal, el señor Héctor López Quiñones (en adelante, señor López Quiñones o parte apelante), mediante recurso de *certiorari*.[1] Por medio de este nos solicita que revisemos la *Resolución* emitida el 5 de septiembre de 2024[2], por el Tribunal de Primera Instancia, Sala Superior de San Juan. En virtud del aludido dictamen, y en atención a los escritos titulados "*Moción*" presentada el 4 de septiembre de 2024 por el señor López Quiñones y la "*Moción en Oposición a Moción de Reconsideración*" presentada el 5 de septiembre de 2024 por la parte

---

[1] Se acoge el recurso como una apelación, por ser lo procedente en Derecho. No obstante, por economía procesal, se mantiene inalterada su identificación alfanumérica.
[2] Notificada el 5 de septiembre de 2024. El **9 de septiembre de 2024** se emitió una Notificación Enmendada, a los fines de incluir al señor Héctor López Quiñones.

codemandante-reconvenida, el foro *a quo*, declaró **No Ha Lugar** la moción de reconsideración presentada por la parte apelante. En la aludida moción de reconsideración la parte apelante le solicitó al foro primario que dejara sin efecto la *Sentencia Parcial* dictada el 20 de agosto de 2024.

El 9 de octubre de 2024 la parte apelada Consejo de Titulares Parque de las Fuentes (en adelante, el Consejo de Titulares o la parte apelada) presentó ante este foro revisor, *Solicitud de Orden y/o Desestimación por Falta de Jurisdicción,* en la que nos indicó que, a esa fecha, no había recibido copia del recurso. Añadió que, la parte apelante tampoco notificó el mismo a otras partes del pleito. En vista de ello, solicitó la desestimación del recurso.

Con posterioridad, el 17 de octubre de 2024, el Consejo de Titulares presentó *Moción Aclaratoria y Reiterando Solicitud de Orden para Determinar la Jurisdicción de este Tribunal.* En la aludida moción, nos indicó que, a pesar de que la parte apelante le notificó el recurso a una dirección incorrecta; el servicio postal logró identificar al destinatario y le entregó el mismo. Empero, reiteró su solicitud de desestimación del recurso debido a la falta de notificación a otras partes del pleito.

Adelantamos que, por los fundamentos que se exponen a continuación, se desestima el recurso de apelación por falta de jurisdicción.

**I**

El caso de marras es secuela de un recurso anterior con identificación alfanumérica KLAN202400292, en el cual emitimos *Sentencia* el 24 de junio de 2024.

De entrada, es preciso destacar que, la parte apelante no anejó con su recurso los documentos, mociones ni dictámenes del foro primario que nos permitan auscultar nuestra jurisdicción ni adentrarnos en la controversia. Puntualizamos que, la parte

apelante tampoco hizo en su escrito un recuento de los eventos procesales del caso ante el Tribunal de Primera Instancia. En vista de las antedichas omisiones de la parte apelante con las disposiciones reglamentarias, prescindimos de esbozar el recuento de las incidencias procesales del caso con posterioridad a las mencionadas en nuestra *Sentencia* previa.

**II**

### A. Jurisdicción

Nuestro Tribunal Supremo, ha definido la jurisdicción como el poder que ostentan los tribunales para considerar y decidir los casos y las controversias que sean presentados a su atención. *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 25, 213 DPR ___ (2024); *Miranda Corrada v. DDEC et al.,* 211 DPR 738 (2023); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). Es normativa reiterada que, los tribunales debemos ser celosos guardianes de nuestra jurisdicción, es por lo que, los asuntos relativos a la jurisdicción son privilegiados y deben ser atendidos con prontitud. *R&B Power. Inc. v. Junta de Subasta ASG,* supra; *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022); *Torres Alvarado v. Madera Atiles,* supra, pág. 500. La ausencia de jurisdicción puede ser levantada *motu proprio*, ya que, esta incide de forma directa sobre el poder del tribunal para adjudicar una controversia. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020); *Torres Alvarado v. Madera Atiles*, supra, pág. 500; *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Suffront v. AAA,* 164 DPR 663, 674 (2005).

Por consiguiente, un tribunal no tiene discreción para asumir jurisdicción donde no la hay, si carece de jurisdicción, deberá así declararlo y desestimar la reclamación sin entrar en sus méritos, pues la falta de jurisdicción no es susceptible de ser subsanada. *Íd.*;

*Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384, 394-395 (2022); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652; 600 (2014); *Suffront v. AAA,* supra, pág. 674.

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[3], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. Perfeccionamiento de Recursos

Como norma general, el incumplimiento con las reglas de los tribunales apelativos impide la revisión judicial. *Cárdenas Maxán v. Rodríguez,* 119 DPR 642, 659 (1987). Es por lo que, las normas que rigen el perfeccionamiento de los recursos apelativos deben observarse rigurosamente. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000); *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 290 (2011); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013). El incumplimiento con las disposiciones reglamentarias sobre forma, contenido y presentación de los recursos apelativos pudiera tener como consecuencia la desestimación de estos. *Pueblo v. Valentín Rivera,* 197 DPR 636, 641 (2017). Nuestra Máxima Curia ha requerido un cumplimiento fiel y estricto con las disposiciones reglamentarias, tanto de nuestro Tribunal Supremo como de este Tribunal de Apelaciones. *Hernández Maldonado v. Taco Maker,* supra, pág. 290; *Arriaga v. FSE,* 145 DPR 122, 130 (1998).

La Alta Curia ha dispuesto que, para que un recurso quede perfeccionado es necesaria su oportuna presentación y notificación del escrito a las partes apeladas. *González Pagán v. Moret Guevara,* 202 DPR 1062, 1070-1071 (2019).

---

[3] 4 LPRA Ap. XXII-B, R. 83.

En cuanto a la notificación a las partes del recurso de apelación en casos civiles ante este foro apelativo, la Regla 13 (B)(1) de nuestro Reglamento[4] dispone lo siguiente:

**Regla 13. Término para presentar la apelación**

(B)   Notificación a las partes

(1) Cuándo se hará

La parte apelante notificará el recurso apelativo y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento.

La parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. Esta norma es aplicable a todos los recursos.

De otra parte, la Regla 14 (B) del Reglamento del Tribunal de Apelaciones,[5] rige los aspectos concernientes a la notificación de la presentación del recurso de apelación al Tribunal de Primera Instancia. Específicamente, la referida regla dispone lo siguiente:

**Regla 14. Presentación y notificación**

(B)   De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la Sentencia apelada, dentro de las setenta y dos (72) horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto.

Como puede observarse, el término antes referido es uno de cumplimiento estricto. Con relación a los términos de cumplimiento estricto y jurisdiccional, el Tribunal Supremo de Puerto Rico expresó en *Soto Pino v. Uno Radio Group,* supra, pág. 92, lo siguiente:

Es norma hart[o] conocida en nuestro ordenamiento que un término de cumplimiento estricto puede ser prorrogado por los tribunales. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Véase *Cruz Parrilla v.*

---

[4] 4 LPRA Ap. XXII-B, R. 13 (B)(1).
[5] 4 LPRA Ap. XXII-B, R. 14.

*Depto. Familia,* 184 D.P.R. 393 (2012). Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa por la cual no puede cumplir con el término establecido". *Íd.* pág. 403.

De otra parte, con relación a los requisitos de contenido necesarios para el perfeccionamiento de un recurso de apelación en los casos civiles, la Regla 16 del Reglamento de este Tribunal, en su inciso (E), dispone, en su parte pertinente, lo siguiente:

**Regla 16- Contenido del escrito de apelación en casos civiles**

(E)   Apéndice.

(1)   El escrito de apelación, salvo lo dispuesto en la   cláusula (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:

(a) las alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;

(b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;

(c) toda moción debidamente timbrada por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;

(d) toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación; o que sean relevantes a este;

(e) cualquier otro documento que forme parte del expediente original en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.

(2)   El Tribunal de Apelaciones a petición de la parte apelante en el escrito de apelación o en moción o motu proprio podrá permitir a la parte apelante la presentación de los documentos a que

> se refiere el inciso (1) con posterioridad a la fecha de la presentación del escrito de apelación, dentro de un término de quince (15) días contado el mismo a partir de la fecha de notificación de la resolución del tribunal autorizando la presentación de los documentos.
>
> La omisión de incluir los documentos del Apéndice no será causa automática de desestimación del recurso. De no autorizarse por el Tribunal de Apelaciones la presentación de los referidos documentos dentro del término antes indicado, tal omisión podría dar lugar a la desestimación del recurso.
>
> (3) Cuando la parte apelante interese que se considere en apelación cualquier prueba admitida que no sea de fácil reproducción, solicitará su elevación mediante una moción que deberá presentar con su escrito inicial. Cuando la parte apelante plantee como error la exclusión indebida de alguna prueba, incluirá en un Apéndice separado copia de la prueba ofrecida y no admitida.

Con respecto a los apéndices incompletos, nuestro más Alto Foro ha expresado lo siguiente: [D]ebemos aclarar que generalmente nos hemos movido a desestimar recursos por tener apéndices incompletos cuando esa omisión no nos permite penetrar en la controversia o constatar nuestra jurisdicción. (Cita omitida) (Énfasis nuestro). *Vázquez Figueroa v. ELA*, 172 DPR 150, 155 (2007).

Finalmente, conforme ha resuelto el Alto Foro, la parte que comparece ante el Tribunal de Apelaciones, tiene la obligación de perfeccionar su recurso según lo exige el Reglamento del Tribunal de Apelaciones, para así colocar al foro apelativo en posición de poder revisar al tribunal de instancia. *Morán v. Marti*, 165 DPR 356, 367 (2005).

En consonancia con lo anterior, nuestra última instancia judicial expresó en *Hernández Jiménez v. AEE*, 194 DPR 378, 382-383 (2015) que:

> Todo ciudadano tiene un derecho estatutario a que un tribunal de superior jerarquía revise los dictámenes emitidos por los tribunales inferiores.[6] Ahora bien, ese derecho queda condicionado a que las partes observen rigurosamente el cumplimiento de las disposiciones

---

[6] *García Morales v. Mercado Rosario*, 190 DPR 632, 638 (2014).

reglamentarias establecidas por nuestro ordenamiento jurídico sobre la forma, contenido, presentación y notificación de los recursos, incluyendo lo dispuesto en los Reglamentos del Tribunal de Apelaciones y del Tribunal Supremo.[7]

Esbozada la norma jurídica atinente al recurso que nos ocupa, procedemos a disponer del recurso según corresponde.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si ostentamos jurisdicción para atender el recurso presentado. Veamos.

De un examen del escrito ante nuestra consideración, surge que el mismo no reúne los requisitos dispuestos para el perfeccionamiento de un recurso de apelación, al incumplir con las citadas reglas de nuestro Reglamento. A saber, la parte apelante no acompañó junto a su recurso, el Apéndice con los anejos, los documentos, mociones ni dictámenes del foro primario que nos permitan auscultar nuestra jurisdicción ni adentrarnos en la controversia.

Dichas omisiones por parte del apelante e incumplimiento con las disposiciones reglamentarias antes mencionadas, tiene como resultado un recurso tan defectuoso que no nos permite ejercer nuestra función revisora.

Por otro lado, la parte apelante tampoco acreditó haber notificado copia del presente recurso a cada una de las partes apeladas. Resulta meritorio destacar que, de conformidad con la Regla 13 de nuestro Reglamento, la parte apelante debía notificar el recurso de apelación a la parte apelada **en o antes del 9 de octubre de 2024**, esto es, dentro del mismo término que tenía para presentar el recurso de apelación.

---

[7] *Soto Pino v. Uno Radio Group*, supra, pág. 90; *Hernández Maldonado v. Taco Maker*, supra, pág. 290; *Arriaga v. FSE*, supra, pág. 130.

La parte apelante se limitó a acreditarnos que remitió por correo certificado con acuse de recibo la notificación del recurso al Lcdo. Luis A. Molero Rabassa. Conforme surge de las notificaciones[8], el foro *a quo,* además de al Lcdo. Luis A. Molero Rabassa, le notificó su dictamen a los representantes legales de partes adicionales incluidas en el pleito, a saber, el licenciado Carlo Giuseppe Agrelot Aponte, la licenciada Daiana M. Rodríguez Matta, licenciada Isabel María Palau Álvarez, licenciado Jorge L. Angleró Figueroa y licenciado Pedro A. Sanabria Andino.

Tal y como esbozamos previamente, el 17 de octubre de 2024, compareció ante este foro revisor, el Consejo de Titulares mediante *Moción Aclaratoria y Reiterando Solicitud de Orden para Determinar la Jurisdicción de este Tribunal.* En la aludida moción, nos indicó que, a pesar de que la parte apelante le notificó el recurso a una dirección incorrecta, el correo logró identificar al destinatario y entregarlo al abogado que suscribió la mencionada moción. Empero, reiteró la solicitud de desestimación del recurso por la falta de notificación a otras partes del pleito.

Como mencionamos, la Regla 83 del Reglamento del Tribunal de Apelaciones[9], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**IV**

Por los fundamentos antes esbozados, se desestima el recurso de apelación de epígrafe por falta de jurisdicción ante el incumplimiento con nuestro Reglamento.

Notifíquese.

---

[8] Habida cuenta de que la parte apelante no anejó a su recurso las notificaciones del dictamen apelado fue necesario constar las mismas mediante una búsqueda en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[9] 4 LPRA Ap. XXII-B, R. 83.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

La Juez Barresi Ramos concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones